UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES DEVARY<br><br> Plaintiff,<br><br>      v.<br><br>NATIONAL SECURITIES CORPORATION<br>and FORTE CAPITAL GROUP, INC.,<br><br><br><br>Defendants. | Civil Action No. 21-cv-07869<br>(JLR) |

**PLAINTIFF JAMES DEVARY'S MEMORANDUM OF LAW IN OPPOSITION
OF DEFENDANT FORTE CAPITAL GROUP, INC.'S MOTION TO VACATE
THE THREE MEMBER FINRA PANEL'S UNANIMOUS ARBITRATION
AWARD**

The Goldring Firm
Orit Goldring
40 Fifth Avenue
New York, NY  10011
Tel:  212.844.9308

Attorneys for Plaintiff
James DeVary

## Table of Contents

*PRELIMINARY STATEMENT* _____ *4*

*RELEVANT FACTS* _____ *4*

*ARGUMENT*_____ *5*

   **I.   DEFENDANT'S MOTION IS UNTIMELY.** _____5

   **II.   DEFENDANT HAS A "VERY HIGH" BURDEN OF PROOF TO VACATE THE UNANIMOUS ARBITRATION AWARD.** _____**6**

   **III.   THE PANEL'S UNANIMOUS AWARD DOES NOT MANIFEST A DISREGARD OF THE LAW.8**
     A.   The "severely limited" standard reserved for the "most egregious instances of misapplication of legal principles." _____ 8
     B.   The Panel did not exhibit "apparent" "egregious impropriety" when it assigned different parts of the damages package to the two companies at fault for the withholding of Plaintiff's wages.___ 9

   **IV.   THE AWARD IS NOT CONTRARY TO PUBLIC POLICY.** _____**14**

   **V.   THE NY CPLR IS INAPPLICABLE TO THIS MATTER** _____**16**
     A.   EVEN IF THE NYCPLR WERE APPLICABLE, THE AWARD WAS NOT IRRATIONAL_____ 16

   **VI.   THE ARBITRATION AWARD SHOULD BE CONFIRMED.** _____**18**

   **VII.   IF DEFENDANT'S MOTION TO VACATE IS GRANTED, THE COURT SHOULD DIRECT A REHEARING BY THE FINRA ARBITRATION PANEL.** _____**18**

   **VIII.   APPLICATION FOR ATTORNEYS' FEES.** _____**19**
     A.   Availability of Attorneys' Fees and Costs_____ 19
     B.   Reasonable Billing Rate _____ 19

*CONCLUSION*_____ *21*

**CASES**

*Arbor Hill v. County of Albany*, 522 F.3d 182 (2d Cir. 2008); ....................................................................... 19

*Banco de Seguros del Estado v. Mutual Marine Office, Inc.*, 344 F.3d 255 (2d Cir. 2003 .................. 8, 10, 13

*D.H. Blair & Co., Inc. v. Gottdjener*, 462 F.3d 95 (2d Cir. 2006) .............................................................. 6, 10

*Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383 (2d Cir. 2003). ................................ 8

*Fast Care Medical Diagnostics, PLLC/PV v. Government Employees Inc. Co.*, 161 A.D.3d 1149
    (2d Dep't 2018 .................................................................................................................................................. 17

*Gao v. Perfect Team Corp.*, 2017 U.S. Dist. LEXIS 5028 (E.D.N.Y. Jan. 11, 2017) ...................................... 19

*Goldman v. Architectural Iron Co.*, 306 F.3d 1214 (2d Cir. 2002). ............................................................. 13

*Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 553 U.S. 576 (2008) ................................................................... 6, 18

*Hoeft v. MVL Group, Inc.*, 343 F.3d 57 (2d Cir. 2003). .............................................................................. 12

*In re Spear, Leeds & Kellogg v. Bullseye Secs.*, 291 A.D.2d 255 (1st Dep't. Feb. 14, 2002) ........................ 16

*John v. Demaio*, 2016 U.S. Dist. LEXIS 136339 (E.D.N.Y. Sept. 29, 2016), ................................................. 19

*Mendelka v. Penson Fin. Serv.*, Inc. 2017 U.S. Dist LEXIS 49536 (S.D.N.Y. 2017 ................................. 6,10, 18
*NSB Advisors, LLC v. C.L. King & Assoc., Inc.*, 110 N.Y.S.3d 888,
    2018 N.Y. Misc. LEXIS 4730 (Sup. Ct. N.Y. Oct. 2, 2018) ...................................................................... 12

*Willemin Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9 (2d Cir. 1997) ............... 6

*Rozell v. Ross-Holst*, 576 F.Supp.2d 527 (S.D.N.Y. 2008) ...................................................................... 19, 20

*Schwartz v. Merrill Lynch & Co., Inc.*, 665 F.3d 44 (2d Cir. 2011). .............................................................. 7

*United Paperworkers Int'l v. Misco, Inc.*, 484 U.S. 29 (1987) ................................................................... 13

*W.R. Grace & Co. v. Local Union 759, International Union of the Rubber, Cork, Linoleum and Plastic
    Workers of America*, 461 U.S. 757 (1983). ............................................................................................. 14

*Wall St. Assocs., L.P. v. Becker Paribas Inc.*, 27 F.3d 845 (2d Cir. 1994) ...................................................... 6

*Wallace v. Buttar*, 378 F.3d 182 (2d Cir. 2004) ........................................................................... 7, 8, 10, 12

**STATUTES AND OTHER AUTHORITIES**

9. U.S. Code § 10(b). .................................................................................................................................. 18
9 U.S. Code § 10(a). ................................................................................................................................. 6, 7
Rule 13904 of FINRA CODE of Arbitration Procedure for Industry Disputes .......................................... 5, 12
N.Y. Labor Law 198 (1-a) ................................................................................................................ 9, 15, 17,19

## PRELIMINARY STATEMENT

Defendant Forte Capital Group Inc.'s (hereinafter "Defendant" or "Forte") Motion to Vacate the three member FINRA Panel's unanimous arbitration award (hereinafter the "Award") grasps at straws. There is a very strong public policy against disturbing arbitration awards and the Federal Arbitration Act, Title 9 of the U.S. Code (hereinafter the "FAA") supports a strong presumption in favor of enforcing arbitration awards.

Plaintiff James DeVary will not be relitigating the case here as the Court's function in confirming or vacating an arbitration award is severely limited and the precedent is clear that the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case.

The facts of the case show that Plaintiff worked for Forte, at Forte's direction, control, and supervision; that Plaintiff earned commissions, that Forte directed Defendant National Securities Corp. (hereinafter "National") the registered broker-dealer to withhold Plaintiff's wages and to pay part of Plaintiff's wages to a different Forte broker, and that Forte had no good faith reason to believe that doing so was in compliance with the law. Therefore, the Panel had grounds to find that Plaintiff was owed his unearned commissions, liquidated damages, and attorneys' fees.

## RELEVANT FACTS

The relevant facts are laid out in the argument sections below.

# ARGUMENT

## I.   DEFENDANT'S MOTION IS UNTIMELY.

In 2018, DeVary and NSC entered into an independent contractor agreement containing an arbitration provision (hereinafter the "Agreement"). That Agreement states:  "[a]ny controversy . . . shall be settled by FINRA arbitration."  On December 20, 2021, by stipulation and Order, Forte agreed to "arbitrat[e] this matter through FINRA in accordance with the terms of the arbitration agreement between Plaintiff and Defendant National Securities Corporation."  (Docket No. 12).

FINRA is governed by a Code of Arbitration Procedure For Industry Disputes (hereinafter the "FINRA Code").  On March 29, 2021, Forte entered into a FINRA Submission Agreement, wherein it "agree[d] to be bound by these procedures and rules" and "further agree[ing] and understand[ing] that the arbitration will be conducted in accordance with the FINRA Code of Arbitration Procedure."  (Exhibit 7 of the September 29, 2023 Declaration of Orit Goldring (hereinafter "Goldring Decl.").

On June 15, 2023, the Award was published.  (Goldring Decl. ¶ 23 and Exhibit 2).  Rule 13904(j) of FINRA's Code provides that "[a]ll monetary awards shall be paid within 30 days of receipt unless a motion to vacate has been filed

with a court of competent jurisdiction."[1]  (Exhibit 9 to Goldring Decl.)  Defendant

NSC paid its portion of the award within 30 day limitation.  Forte failed to pay

its portion of the award nor file a motion to vacate within the 30 days.  Instead,

Forte filed the underlying motion on July 21, 2023, 36 days after it received the

award (Docket No. 26).  Therefore, Defendant's motion is untimely and should

be denied.


## II.    DEFENDANT HAS A "VERY HIGH" BURDEN OF PROOF TO VACATE THE UNANIMOUS ARBITRATION AWARD.

"The court's function in confirming or vacating an arbitration award is

severely limited."  *Mendelka v. Penson Fin. Serv.*, Inc. 2017 U.S. Dist LEXIS 49536,

at *6 (S.D.N.Y. 2017) (quoting *Willemin Houdstermaatschappij, BV v. Standard*

*Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997).  "[T]he award should be

confirmed if a ground for the arbitrator's decision can be inferred from the facts

of the case."  *Id.* at * 6-7 (quoting *D.H. Blair & Co., Inc. v. Gottdjener*, 462 F.3d 95,

110 (2d Cir. 2006).  "Accordingly, a party seeking 'to vacate an arbitration award

has the burden of proof, and the showing required to avoid confirmation is very

high.'"  *Id.* at 7.

---

[1] One week after the Award was posted on the FINRA portal, Forte's co-defendant, National, electronically filed a letter stating "[u]nder the rules of FINRA, all monetary awards must be paid within 30 days following service, unless a motion to vacate the award has been filed with a court of competent jurisdiction.  (Docket No. 23).

"The Federal Arbitration Act provides 'streamlined treatment' for a party seeking 'a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Id.* at 7 (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 553 U.S. 576, 582 (2008). Section 10(a) of the FAA "sets forth specific grounds for vacating an award. *Id.* "Because the FAA supports 'a strong presumption in favor of enforcing arbitration awards . . . the policy of the FAA requires that the award be enforced unless one of those grounds is affirmatively shows to exist." *Mendelka*, 2017 U.S. Dist LEXIS 49536, at *7 (quoting *Wall St. Assocs., L.P. v. Becker Paribas Inc.*, 27 F.3d 845, 849 (2d Cir. 1994). The four grounds provided under the FAA are:

> (1)  where the award was procured by corruption, fraud, or undue means;
>
> (2)  where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3)  where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4)  where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S. Code § 10(a).

"As a 'judicial gloss' on section 10(a), the Second Circuit recognizes two additional bases for vacatur:  where the award shows a 'manifest disregard of the law or of the terms of the parties' agreement.'" *Mendelka*, 2017 U.S. Dist LEXIS

49536, at *7-8 (*quoting Schwartz v. Merrill Lynch & Co., Inc.*, 665 F.3d 44, 451-52 (2d Cir. 2011).

### III. THE PANEL'S UNAMIMOUS AWARD DOES NOT MANIFEST A DISREGARD OF THE LAW.

#### A. The "severely limited" standard reserved for the "most egregious instances of misapplication of legal principles."

"'Manifest disregard of the law' as applied to review of an arbital award is a 'severely limited' doctrine reserved for the "most egregious instances on misapplication of legal principles." *Wallace v. Buttar*, 378 F.3d 182, 189-90 (2d Cir. 2004). The Second Circuit has described it as a "doctrine of last resort –- its use is limited only to those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent, but where none of the provisions of the FAA apply." *Id.* at 189 (quoting *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 289 (2d Cir. 2003).

"An arbital award may be vacated for manifest disregard of the law 'only if a reviewing court . . . . finds both that (1) the arbiters knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbiters was well defined, explicit, and clearly applicable to the case.'" *Id.* (quoting *Banco de Seguros del Estado v. Mutual Marine Office, Inc.*, 344 F.3d 255, 263 (2d Cir. 2003).

B. The Panel did not exhibit "apparent" "egregious impropriety" when it assigned different parts of the damages package to the two companies at fault for the withholding of Plaintiff's wages.[2]

The crux of Defendant's argument is that the Award manifestly disregards the law because National was found liable for the underpayment of Plaintiff's commissions and Forte was found liable for liquidate damages and attorneys' fees. Liquidates damages are owed by employers to employees when there is an underpayment of wages unless the employer proves a good faith basis that the underpayment was in compliance with the (N.Y. Labor Law 198(1-a)).[3]

The point that Defendant is missing is that both Defendants were in the wrong, the Award punished them both and assigned each of them different parts of the damages package that Plaintiff was entitled to. Also, Forte was alleged to be Plaintiff's employer and National was alleged to be Forte's joint employer,[4] the Panel awarded Plaintiff his underpayment plus liquidated damages and assigned NSC to pay half of that total and Forte to pay the other half.[5] Had the panel determined that the total liability was $455,312.80 in wages and liquidated

---

[2] *Wallace*, 378 F.3d at 189-90 (quoting *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 289 (2d Cir. 2003).

[3] On page 15 of its Memorandum, Defendant attempts to relitigate the arbitration by arguing that it had a good faith basis not to pay Plaintiff his earned commissions. The Panel clearly disagreed as Defendant was found liable for liquidated damages.

[4] (Statement of Claim ¶¶ 98-100, 104-05, 107, 110-12 Exhibit 6 of Goldring Decl; pp. 13-14 of Plaintiff's Post Hearing Brief Exhibit 5 of Goldring Decl.)

[5] But moreover, the Panel decided to assign the attorneys' fees exclusively to Forte to punish it more than National.

damages and assigned each Defendant to pay 50% of it, there would be no argument here.  An "award 'should be enforced, . . . if there is a <u>barely colorable justification</u> for the outcome reached." *Wallace*, 378 F.3d at 190 (quoting *Banco de Seguros del*, 344 F.3d at 263 (emphasis in original).   Here, there is more than a barely colorable justification for the outcome although that is all that is required to deny Defendant's motion.

Also, "the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Mendelka*, 2017 U.S. Dist LEXIS 49536 at * 6-7 (quoting *D.H. Blair & Co., Inc.*, 462 F.3d at 110.  The facts of the case here are that:

- Plaintiff worked for Forte, at Forte's direction and under Forte's supervision (See *Infra* § V.I.)

- Forte directed National not to pay Plaintiff his earned commissions which National did, (Transcript pages 1332-1342 of the Arbitration Hearing attached as Exhibit 4 to the Declaration of Orit Goldring (hereinafter "Tr.");  and

- Forte further directed National to pay part of Plaintiff's earned commission to a different Forte representative, which National did.  (Tr. 1332-1342).

The Panel's decision that Plaintiff be awarded his earned commissions and that the party who failed to provide a good faith basis for withholding those

commissions should a pay liquidated damages as well as Plaintiff's attorneys' fees can be inferred from these facts.

Moreover, Defendant has failed to show, as it must, in order to prevail, that the Panel knew of a governing legal principle yet refused to apply it or ignored it altogether, and that the law ignored by the arbiters was well defined, explicit, and clearly applicable to this case. *Wallace*, 378 F.3d at 189-90 (quoting *Banco de Seguros del Estado*, 344 F.3d at 263. Defendant has not even shown that there is a governing legal principle that damages cannot be divided among two wrongdoers. None of the cases cited by Defendant hold that an arbiter cannot divide the damages award for underpayment and failure to prove a good faith basis that the underpayment was in compliance with the law between the two entities at fault for such underpayment.

Defendant takes many liberties in what is assumes or would like to assume the Panel decided as well as some flat out incorrect statements:

- Forte was exonerated of any obligation to pay DeVary
- Forte committed no wage claim violation
- DeVary did not prevail on his wage claim against Forte
- The Panel did not find Forte to be in violation of the NYLL
- Found that no wages or commissions were due to DeVary from Forte
- Forte was found to have not failed to pay those wages
- DeVary's claims against Forte for wages and commissions were denied
- DeVary did not prevail in his wage claim against Forte
- DeVary sought wages and commissions from Forte and did not prevail on any claim for those
- DeVary was not a prevailing party against Forte
- Forte was the prevailing party
- DeVary did not obtain anything against Forte with respect to his claim for wages and commissions
- DeVary was not a prevailing party

- DeVary recovered $0.00 from Forte
- The Panel found that Forte was not liable for wages and did not commit an underpayment
- DeVary never alleged, argued, proved that Forte standing on its own had any obligation to pay him
- DeVary believed that Forte had a good faith basis not to have to pay him
- Forte was found not to have owed money as a contractual matter determined by the panel
- The panel found that Forte owed DeVary nothing

The truth is that we do not know much of what the Panel decided other than that NSC pay Plaintiff $227,656.40 in compensatory damages and that Forte pay Plaintiff for $227,656.40 in statutory damages pursuant to § 198(1-a) of the New York Labor Law plus $105,000 in attorneys' fees. We do not know because the Award is not an explained decision.

Forte would like the Court to take into account that there was no explained decision in determining whether there was a manifest disregard of the law. (p. 11, Forte's Memorandum in Support of its Motion to Vacate an Arbitration Award hereinafter "Memorandum"). The reason the Award is not explained is because the parties did not request it to be explained as required by Rule 13904(g)(1-5) of FINRA's Code. *NSB Advisors, LLC v. C.L. King & Assoc., Inc.*, 110 N.Y.S.3d 888, 2018 N.Y. Misc. LEXIS 4730, at * 8-9 (Sup. Ct. N.Y. Oct. 2, 2018) (party moving to vacate did not allege that the parties jointly requested an explained decision under Rule 13904(g) of FINRA's Code "cannot complain of the amount of detail describing the Panel's rationale for issuing the Award."). Moreover, "arbitrators are not required to give an explanation for their decision." *Wallace v. Buttar*, 378 F.3d at 190.

"Courts must refrain from reversing an arbitrator simply because the court disagrees with the result or believes the arbitrator made a serious legal or factual error." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). The Second Circuit has emphasized that "an arbital panel's refusal or neglect to apply a governing legal principle 'clearly means more than error or misunderstanding with respect to the law.' *Wallace v. Buttar*, 378 F.3d at 189 (quoting *Hoeft v. MVL Group, Inc.*, 343 F.3d 57, 69 (2d Cir. 2003). "A federal court cannot vacate an arbitral award merely because it is convinced that the arbitration panel made the wrong call on the law. On the contrary, the award 'should be enforced, despite a court's disagreement with it on the merits, if there is a <u>barely colorable justification</u> for the outcome reached." *Id.* at 190 (quoting *Banco de Seguros del Estado*, 344 F.3d at 263 (emphasis in original). "[A] court reviewing an arbital award cannot presume that the arbitrator is capable of understanding and applying legal principles with the sophistication of a highly skilled attorney. Indeed, this is so far from being the case that an arbitrator 'under the test of manifest disregard is ordinarily assumed to be a blank slate unless educated in the law by the parties." *Id.* (quoting *Goldman v. Architectural Iron Co.*, 306 F.3d 1214, 1216 (2d Cir. 2002). Therefore, Defendant's Motion should be denied.

## IV.    THE AWARD IS NOT CONTRARY TO PUBLIC POLICY.

Defendant argues that the Award should be vacated on the grounds that it is contrary to public policy  (Point II.C., Memorandum).  This "extremely limited" and "rarely-used ground for reversal 'derives from the basic notion that no court will lend its aid to one who founds a cause of action upon an immoral or illegal act.'"  *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 825 (2d Cir. 1997) (no clear violation of public policy) (quoting *United Paperworkers Int'l v. Misco, Inc.*, 484 U.S. 29, 43 (1987); *Local 97, IBEW v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 125 (2d Cir. 1999) (no clear violation of public policy).

The party seeking to prevent enforcement of an award must "clearly show" that the "award itself, as contrasted with the reasoning that underlies the award, creates [an] explicit conflict with other laws and legal precedents' and thus clearly violates" '"a well defined and dominant'" public policy '"ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests."  *Local 97, IBEW*, 196 F.3d at 125; *DiRussa*, 121 F.3d at 824-25 (quoting *United Paperworkers Int'l v. Misco, Inc.*, 484 U.S. 29, 43 (1987); *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 452 (2d Cir. 2011) (quoting *W.R. Grace & Co. v. Local Union 759, International Union of the Rubber, Cork, Linoleum and Plastic Workers of America*, 461 U.S. 757 (1983).

Defendant argues that it was a violation of SEC statutes and FINRA rules for Forte to have Plaintiff perform services for Forte, *i.e.* for Forte and Plaintiff to have an employer-employee relationship.  The record is replete with evidence

that Forte exercised a degree of control over Plaintiff that amounted to an

employer-employee relationship:[6]

- Plaintiff had to attend mandatory daily meetings where attendance was taken and there were ramifications for not attending (only one other National branch had mandatory daily meetings), launch meetings, and training sessions (Tr. 114-17, 130, 179)
- Plaintiff received titles determined by Forte (Tr. 99, 103, 105)
- Plaintiff had supervisors and performance reviews (Tr. 98, 122, 156, 160)
- Plaintiff had to adhere to a dress code (Tr. 113).
- Plaintiff was assigned a desk, monitors, chair, and a phone and was not allowed to bring in anything else without permissions including having a calendar or post-its on his desk  (Tr. 108-12, 162)
- Plaintiff had no say in how his business cards or letterhead looked and they was kept under lock and key by his assistant (Tr. 118-22)
- Plaintiff had an assistant assigned to him (Tr. 99)
- Plaintiff was not free to offer all of National's products to investors and was limited to Forte's selected products (most National branches offered 100% of National's products) (Tr. 134-40)
  - Plaintiff had to obtain permission to make alternate investments outside the Forte playbook (Tr. 134-40)
- Plaintiff was required to pay a monthly tech charge for the Forte Focus (outsourced market technicians) that made recommendations to what to buy/sell (Tr. 132-34)
- Plaintiff was required to pay for and take professional photos, photos that were sent to Forte's President (Tr. 106-09).
- Plaintiff was required to pay for a marketing person to review his personal Linked-In page (Tr. 106-09).
- Plaintiff had to obtain approval to opening new accounts, fund accounts, for marketing materials, to work remotely, and to update his Linked-In profile (Tr. 107-08, 137-44, 156-58)

Accordingly, the Panel awarded damages under the New York Labor Law 198(1-

a) which is only applicable to employee/employers.  Rather than clearly show

that "award itself" payment of wages/commission owed plus liquidated

damages for clearly violates an identifiable public policy as it is must do, Forte is

---

[6] See Plaintiff's Post-Hearing brief for case law on the employer-employee relationship.  (Exhibit 5 to Goldring Decl.).

essentially admitting that it violated SEC Statutes and FINRA rules when it exercised enough control over Plaintiff for the Panel to determine that it was an employer. Therefore, the Award is not contrary to public policy.

## V. THE NY CPLR IS INAPPLICABLE TO THIS MATTER

Defendant argues that the Award should be vacated on the basis that is irrational (Point II.B., Memorandum). Defendant states that this additional basis is afforded by the NY CPLR. (p. 11, Memorandum). Defendant does not provide any basis for how the NY CPLR applies to this matter. It does not apply. The Arbitration provision in the Agreement makes no mention of the NY CPLR or any New York law. The Agreement provides that it shall be controlled, construed and enforced in accordance with the laws of the state of Washington. (Exhibit 3 of Goldring Decl.). Lastly, the arbitration itself was held in the state of Arizona. (Exhibit 2 of Goldring Decl.). Therefore, there is no basis to apply the NY CPLR to this matter.

### A. EVEN IF THE NYCPLR WERE APPLICABLE, THE AWARD WAS NOT IRRATIONAL

Defendant's argument rests on the false premise that the Panel "absolved Forte of any wrongdoing", "explicitly found . . . that Forte was not liable", "explicitly found no wrongdoing on the part of Forte" and the case that Defendant cites as "remarkably similar" held that the arbitrators "specifically denied all of appellants' numerous claims" (pp. 17-18, Memorandum); *In re Spear, Leeds & Kellogg v. Bullseye Secs.*, 291 A.D.2d 255, 256 (1st Dep't. Feb. 14,

2002) (the liability against the clearing firm was irrational where "there was no independent basis for liability" other than the specifically denied claims made against the clearing firm's managing director). No such absolution, denial of Plaintiff's claims against Forte, nor explicit finding of no wrongdoing can be found anywhere in the Award. Rather than absolve Forte, the Panel punished Forte more than it did NCS, $105,000 more.

Defendant also argues that the award was irrational because Plaintiff was historically paid by National, DeVary's commissions were not paid to Forte, and National received, held, and retained the commissions Plaintiff generated. (pp.16-19, Memorandum). Defendant willfully ignores the evidence in the hearing record that:

- Forte instructed NSC not to pay Plaintiff the at issue commissions (Tr. 1332-1342).

- Forte instructed NSC to pay some of Plaintiff's commissions to another Forte representative and that National did as instructed. (Tr. 1332-1342).

All of the cases cite in support of their argument miss the mark. Notably, Defendant cites *Fast Care Medical Diagnostics, PLLC/PV v. Government Employees Inc. Co.*, 161 A.D.3d 1149, 1150 (2d Dep't 2018) to support its proposition that the Panel was irrational in finding National liable for the unpaid wages and Forte liable for the failure to provide a good faith basis that the underpayment was in compliance with the law (N.Y. Labor Law 198 (1-a) including the parenthetical "[a]ward was irrational where arbitrator applied consequence of statutory law against incorrect party" notable omitting that the "incorrect party" was not a

party to the arbitration in that case at all.  Here, Forte was not only a party to the

arbitration but a party found liable to Plaintiff as an employer under New York

Labor Law 198(1-a).  Therefore, the Award was not irrational.


## VI.    THE ARBITRATION AWARD SHOULD BE CONFIRMED.

The Award should be confirmed.  "Under the terms of § 9 [of the FAA], a

court 'must' confirm an arbitration award 'unless' it is vacated, modified, or

corrected 'as prescribed in§§ 10 and 11."  *Mendelka*, Inc. 2017 U.S. Dist LEXIS

49536, at *16 (quoting *Hall Street Assoc., LLC*,  552 U.S. at 582.


## VII.   IF DEFENDANT'S MOTION TO VACATE IS GRANTED, THE COURT SHOULD DIRECT A REHEARING BY THE FINRA ARBITRATION PANEL.

If Defendant's motion to vacate is granted, then this matter should be

directed to a rehearing by the 3 member arbitration Panel.  "If an award is

vacated and the time within which the agreement required the award to be made

has not expired, the court may, in its discretion, direct a rehearing by the

arbitrators.  9. U.S. Code § 10(b).  The Arbitration Provision in the Independent

Contractor Agreement does not have a deadline by which an award is required

to be made.    (Exhibit 2 of Goldring Decl.).

# VIII.   APPLICATION FOR ATTORNEYS' FEES.

## A.  Availability of Attorneys' Fees and Costs

The New York Labor Law provides that: "In any action instituted in the courts upon a wage claim by an employee … in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees…." Art. 6, New York Labor Law § 198(1-a).

## B.  Reasonable Billing Rate

Courts employ the "lodestar" method in calculating reasonable attorneys' fees, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. *See Arbor Hill v. County of Albany*, 522 F.3d 182, 184 (2d Cir. 2008); *John v. Demaio*, 2016 U.S. Dist. LEXIS 136339, *7 (E.D.N.Y. Sept. 29, 2016), *adopted*, 2016 U.S. Dist. LEXIS 177578 (E.D.N.Y. Dec. 21, 2016). There is a presumption that this amount represents a reasonable fee. *See id.*[7]

Here, Plaintiff and the Goldring Firm agreed to hourly billing rates for Principal Orit Goldring at $600 per hour.  The Goldring Firm has billed Orit

---

[7] The resulting lodestar figure may be adjusted based on other factors, including, *e.g.*: (1) the difficulty of the matter; (2) the nature and extent of the services rendered; (3) the time reasonably expended on those services; (4) the quality of performance by counsel; (5) the qualifications of counsel; (6) the amount at issue; and (7) the result obtained. *Id.* Additional factors include: (i) the preclusion of employment by the attorney due to acceptance of the case; (ii) the customary fee; (iii) whether the fee is fixed or contingent; (iv) the time limitations imposed by the client or the circumstances; (v) the "undesirability" of the case; (vi) the nature and length of the professional relationship with the client; and (vii) awards in similar cases. *See Gao v. Perfect Team Corp.*, 2017 U.S. Dist. LEXIS 5028, *11 fn. 6 (E.D.N.Y. Jan. 11, 2017) (citations omitted).

Goldring at $600/hr to Plaintiff and numerous other clients and has been paid at that rate since January 2021 (including by Plaintiff). The rates that Plaintiff 's counsel charge their clients is "obviously strong evidence of what the market will bear." *Rozell v. Ross-Holst*, 576 F.Supp.2d 527, 544 (S.D.N.Y. 2008)

Moreover, such rates are reasonable in Manhattan, New York where the office of the Goldring Firm is located. *Rozell v. Ross-Holst*, 576 F.Supp.2d 527, 544-546 (S.D.N.Y. 2008) (finding $600/hr to be a reasonable rate for an employment law partner in Manhattan 15 years ago). See Declaration of Orit Goldring in Support of Application for Attorney's Fees.

Here, Plaintiff's counsel, Orit Goldring, has provided her contemporaneous time records for opposing Defendant's Motion to vacate. According to these records, Plaintiff 's counsel has expended a total of 66.9 hours opposing Defendant's motion. The number of hours expended was not unreasonable given the 5 day arbitration hearing record, the 23 exhibits attached to the Declaration of Michael Nacht in support of Defendant's motion, the number of arguments made by Defendant, the 37 cases cited by Defendant, the 12 statutes and rules cited by Defendant including the Securities and Exchange Act of 1934 and well as FINRA rules governing broker dealers (as opposed to arbitration procedures).

# CONCLUSION

Based on all of the above, Defendant's Motion to Vacate should be denied, the Arbitration Award should be confirmed, and Plaintiff should be awarded attorneys' fees.

Dated:  September 29, 2023      The Goldring Firm

/s/
_____

Orit Goldring

40 Fifth Avenue
New York, NY  10011
Tel:  212.844.9308

Attorneys for Plaintiff
James DeVary