UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES DEVARY,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL SECURITIES CORPORATION,<br>FORTE CAPITAL GROUP, INC.,<br><br>        Defendants. | 21 Civ. 7869 (DEH)<br><br>**OPINION**<br>**AND ORDER** |

DALE E. HO, United States District Judge:

  Before the Court is Plaintiff James DeVary's motion for attorney's fees and post-judgment interest. *See* ECF No. 43. For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART**. Defendant Forte Capital Group Inc. ("Forte") is ordered to pay to Plaintiff **$30,105.00** in attorney's fees, plus post-judgment interest at the applicable statutory rate.

## BACKGROUND

  The Court assumes familiarity with the background facts of this case as previously summarized in its March 27, 2024 Memorandum Opinion and Order. *See* March 27, 2024 Mem. Op. and Order ("Op."), ECF No. 41. As relevant here, Plaintiff successfully filed an opposition to Forte's motion to vacate an arbitration award and cross-motion to confirm the award, *see* Pl.'s Mem. in Opp'n to Def.'s Mot. to Vacate ("Pl.'s Opp'n"), ECF No. 31, and now seeks attorney's fees for that work, as well as an order of post-judgment interest. Pl.'s Mot. for Att'y Fees and Post Judgment Int. ("Pl.'s Br.") 2, ECF No. 43.

**1.**  **Underlying Action**

  The facts are detailed in the Court's Memorandum Opinion and Order confirming the arbitration award. *See* Op. Accordingly, the Court largely assumes the parties' familiarity with

the underlying facts and procedural history, to which it refers only as necessary to explain this decision.

Plaintiff held the title of Senior, or Executive, Vice President at Forte, in which capacity he worked as a financial advisor who sold investments and earned commissions. *Id.* at 1. Forte, a financial advising firm, was registered as a branch office of National Securities Corporation ("National"), a registered securities broker-dealer. *Id.* at 2. On March 2, 2021, National terminated Plaintiff's services. *Id.* at 3. On September 21, 2021, Plaintiff filed suit against National and Forte, alleging, *inter alia*, that the firms failed to pay Plaintiff over $300,000 in commissions earned from February 1, 2021, to March 2, 2021. *Id.* On December 20, 2021, pursuant to the terms of the parties' arbitration agreement, the Court granted the parties' proposed order to stay all proceedings pending the parties' FINRA dispute resolution arbitration proceedings. *Id.*

2. **The Arbitration Award, Forte's Motion to Vacate the Award, and the District Court's Denial Thereof**

On June 15, 2023, after having conducted a five-day hearing, a three-member FINRA panel ("the Panel") granted an arbitration award ("Award") to Plaintiff, holding in relevant part that: (1) Forte is liable for and shall pay to Plaintiff $227,656.40 in statutory damages pursuant to § 198(1-a) of the New York Labor Law; (2) Forte is liable for and shall pay to Plaintiff $105,000 in attorneys' fees pursuant to Art. 6 § 198(1-a) of the New York Labor Law; and (3) Forte and National are jointly and severally liable for and shall pay to Plaintiff $400 to reimburse the nonrefundable portion of the filing fee previously paid to FINRA Dispute Resolution Services. *Id.*

On July 21, 2023, Forte filed a motion to vacate the Award. *See* Forte's Br., ECF No. 26-1. On September 29, 2023, Plaintiff filed his opposition brief. *See* Pl.'s Opp'n. On March 27, 2024, the Court denied Forte's motion to vacate the Award and granted Plaintiff's cross-motion to confirm the Award. Op. 12. This motion for attorney's fees followed.

3. **Overview of Plaintiff's Request for Attorney's Fees and Post-Judgment Interest**

Plaintiff now seeks compensation for the fees expended on opposing Forte's motion to vacate the Award, pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and Article 6 § 198(1-a) of the New York Labor Law. Pl.'s Br. 2–3. Specifically, Plaintiff seeks $40,140 in fees for hours worked by attorney Orit Goldring of the Goldring Firm in opposing Forte's motion to vacate. *Id.* at 3–5. Those fees are summarized below:

**Table 1: Requested Attorney's Fees**

| Name | Hourly Rate | Time Spent | Total Fees |
|---|---|---|---|
| Orit Goldring | $600 | 66.9 hours | $40,140.00 |

*See id.* at 4–5.

Further, Plaintiff claims that Forte has yet to pay the confirmed Award. Pl.'s Br. 2, 5. Accordingly, in addition to the aforementioned attorney's fees, Plaintiff also seeks an order of post-judgment interest on the Award. *Id.* Plaintiff claims that it is proper for the Court to order 9% per annum post-judgment interest on the Award, which is comprised of $227,656.40 in statutory damages, $105,000.00 in attorneys' fees, and $400.00 in reimbursement for Plaintiff's nonrefundable portion of the filing fee paid to FINRA. *Id.* at 5. With respect to the $400.00 reimbursement (for which the Panel held that Forte is jointly and severally liable), National already paid $200.00, and therefore, according to Plaintiff, Forte owes the remaining half—$200.00. *Id.* Thus, Plaintiff claims that he should be awarded 9% interest per annum on the total Award of $332,856.40 from June 15, 2023 until Forte chooses to pay the Award. *Id.*

In sum, Plaintiff seeks a total of $40,140.00 in fees, as well as post-judgment interest of 9% per annum on the total Award of $332,856.40.

**LEGAL STANDARDS**

Section 198(1-a) of the New York Labor Law ("§ 198(1-a)") provides that "[i]n any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover the full amount of . . . all reasonable attorney's fees[.]" N.Y. Lab. Law § 198(1-a). The starting point for determining the reasonable fee award is the "lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).[1] The lodestar is not "conclusive in all circumstances," and it may be adjusted when it fails to "adequately take into account a factor that may properly be considered in determining a reasonable fee." *Id.* at 167. Guidelines for determining each element of the lodestar amount follow.

1.  **Reasonable Hourly Rates**

A reasonable hourly rate is "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). Reasonable fees compensate counsel only for "hours reasonably expended on the litigation," and not for "hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). In setting a reasonable hourly rate, courts consider case-specific variables known as the *Johnson* factors. *Arbor Hill*, 522 F.3d at 190. The *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

---

[1] In all quotations from cases, internal quotation marks, brackets, citations, ellipses, footnotes, and emphases are omitted unless otherwise indicated.

*Id.* at 186 n.3.  "A district court need not recite and make separate findings as to all twelve *Johnson* factors, provided that it takes each into account in setting the attorneys' fee award." *E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ.*, No. 11 Civ. 5243, 2014 WL 1092847, at *3 (S.D.N.Y. Mar. 17, 2014).

**2.      Reasonable Hours**

Once a reasonable hourly rate of pay has been calculated, "[t]he presumptively reasonable fee is calculated by . . . multiplying that rate by the number of hours reasonably expended litigating the case." *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educ. & Ind. Fund v. Baroco Contracting Corp.*, No. 24 Civ. 1898, 2024 WL 4519836, at *3 (S.D.N.Y. Oct. 17, 2024); *see also Hensley*, 461 U.S. at 433 ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.").  "If the number of hours recorded by counsel is disproportionate to the work performed, the Court should reduce the stated hours in making its fee award[.]"  *Sanchez v. DPC New York Inc.*, 381 F. Supp. 3d 245, 251 (S.D.N.Y. 2019).  A court "properly excludes excessive, redundant, or otherwise unnecessary" hours.  *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022).

## DISCUSSION

It is undisputed that Plaintiff was the prevailing party in the underlying arbitration.  The only issues here are whether (1) Plaintiff is entitled to attorney's fees expended on opposing Forte's motion to vacate, and if so entitled, (2) whether the attorney's fees Plaintiff has requested—$40,140.00—are reasonable.  For the reasons discussed herein, the Court concludes that Plaintiff is entitled to attorney's fees, but that Plaintiff's requested attorney's fees should be reduced.

Accordingly, the Court has within its discretion determined the reasonable fee amount in this case and awards Plaintiff $30,105.00.

1.     **Plaintiff Is Entitled to Attorney's Fees**

Forte argues that Plaintiff is not entitled to attorney's fees, arguing that § 198(1-a) of the New York Labor Law, which renders attorneys' fees recoverable in actions "upon a wage claim by an employee," does not apply to Forte's motion to vacate the Award because it is not a "wage claim." Forte's Opp'n to Pl.'s Mot. for Att'y Fees ("Forte's Opp'n") 1–2, ECF No. 47. That is incorrect.

Section 198(1-a) states in relevant part: "[i]n any *action* instituted in the courts upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees[.]" N.Y. Lab. Law § 198(1-a) (emphasis added). This case is an action for claims including unpaid wages under the New York Labor Law. *See* Compl. ¶¶ 106–11, ECF No. 1. The fact that this case was ultimately resolved through arbitration does not change the analysis. In *Odeon Capital Group LLC v. Ackerman*, the Second Circuit vacated the district court's denial of attorney's fees, construing the term "action" in § 198(1-a) to include applications to confirm or enforce arbitration awards. 864 F.3d 191, 199 (2d Cir. 2017). The Second Circuit noted that this interpretation is consistent with the fee-shifting purpose of § 198(1-a), which is to "provide one more safeguard to assure employees of proper payment of wages under the law and to act as a deterrent against abuse and violations." *Id*.

Just like the prevailing party seeking attorney's fees in *Odeon*, here Plaintiff responded to his adversary's motion to vacate an arbitration award with a cross-motion to confirm the award. *Compare id.* at 195 ("Odeon filed a petition to vacate the arbitration award . . . [and] Ackerman then filed a cross-motion to confirm the award.") *with* Op. 1 (denying Forte's motion to vacate the Award and granting Plaintiff's "cross-motion to confirm the arbitration award"). Accordingly,

§ 198(1-a) entitles Plaintiff to attorney's fees expended on opposing Forte's motion to vacate the Award.[2]

**2.    Plaintiff's Requested Attorney's Fees are Reasonable**

   **A.    Reasonable Rates**

The Court has considered all *Johnson* factors in making the determinations below. Attorney Orit Goldring was admitted to practice in New York in 2004 and is admitted to practice law before the United States Court of Appeals for the Second Circuit, and the United States District Courts for the Southern and Eastern Districts of New York. Goldring Decl. ¶¶ 7–8, ECF No. 44. Goldring is the principal of the Goldring Firm (the "Firm") and founded the Firm in 2011. *Id.* ¶ 9. Before 2011, Goldring worked for Littler Mendelson, P.C. for six years. *Id.* ¶ 10. Goldring clerked for Judge James E. Seibert in the United District Court for the Northern District of West Virginia. *Id.* ¶¶ 11–12. Goldring has litigated employment law matters in various jurisdictions spanning federal courts and arbitration. *Id.* ¶¶ 18–19.

---

[2] Additionally, Forte argues that Plaintiff is not entitled to attorney's fees because Plaintiff already requested the same attorney's fees at-issue on this motion in his opposition to Forte's motion to vacate, *see* Pl.'s Opp'n 19–20, which, he argues, the Court denied *sub silentio* by virtue of not addressing it in its Opinion and Order denying Forte's motion. Forte's Opp'n 1. Though it is true that Plaintiff has already requested attorney's fees, Forte, in its three sentences of briefing devoted to this argument, cites no authority for the proposition that a court's silence regarding a prevailing party's request for attorney's fees amounts to a denial thereof *sub silentio*. Further, Plaintiff never explicitly requested the specific amount of attorney's fees sought until now; the Court therefore construes the request stated in his opposition as a safeguard to preserve the argument raised on the motion now before the Court. *See generally* Pl.'s Opp'n.

7

Plaintiff seeks an hourly rate of $600 for Goldring.[3]  *See* Pl.'s Br. 4.  Forte argues that the Court should use a lower hourly rate—$400—to calculate attorney's fees.[4]  Forte's Opp'n 3.  The Court is unaware of precedent assigning Orit Goldring an hourly rate for the purpose of calculating reasonable attorney's fees.  But there is other helpful precedent.  In actions brought pursuant to the New York Labor Law, courts in this district have recently issued awards assigning attorneys conducting similar work an hourly rate between $400 and $450.  *See, e.g.*, *Silva v. Legend Upper W. LLC*, 590 F. Supp. 3d 657, 664 (S.D.N.Y. 2022), *report and recommendation adopted by* 2022 WL 4377896 (S.D.N.Y. Sept. 22, 2022) (assigning a managing partner with "a decade of experience litigating employment actions" an hourly rate of $450); *Vasquez v. NS Luxury Limousine Serv. Ltd.*, No. 18 Civ. 10219, 2022 WL 377378, at *2 (S.D.N.Y. Feb. 8, 2022) (assigning a partner an hourly rate of $425); *Martinez v. Paramount Country Club, LLC*, No. 18 Civ. 4668, 2019 WL 2450856, at *3–4 (S.D.N.Y. Apr. 1, 2019), *report and recommendation*

---

[3] Plaintiff cites *Rozell v. Ross-Holst* as an instance where a Court in this district found $600 to be a reasonable hourly rate for an employment law partner.  *See* Pl.'s Br. 4.  However, the employment law partner in *Rozell* had nearly 40 years of experience practicing law, while Goldring appears to have only around 19 years of experience.  *See Williams v. Metro-N. R.R. Co.*, No. 17 Civ. 3847, 2018 WL 3370678, at *4 (S.D.N.Y. June 28, 2018) (noting in 2018, a decade after *Rozell*, that Peratis "has been practicing law for nearly 50 years"); Goldring Decl. ¶¶ 9-10 (stating that Goldring founded the Firm in 2011 and, before that, had practiced for six years at Littler Mendelson, P.C.).  Further, *Rozell* was "essentially a . . . sexual harassment and retaliation" case, yet Plaintiff makes no showing that rates for attorneys who represent clients in sexual harassment and retaliation cases are generally commensurate with rates for attorneys representing clients in contexts akin to the instant case.  *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 546 (S.D.N.Y. 2008).

[4] Forte's argument is based on an estimate by Clio—the "leading legal billing software company," according to Forte—of "the average rate of an Employment/Labor attorney in New York."  *See* Forte's Opp'n 3; *see also* ECF No. 47-1, at 3 (Clio estimating an average hourly rate of $447).  However, the estimate does not purport to be specific to attorneys litigating in the Southern District of New York.  *See G.B. ex rel. N.B.*, 894 F. Supp. 2d at 429 (stating that in determining the prevailing market rate, district courts may take judicial notice of "the court's own familiarity with the prevailing rates *in the district*") (emphasis added); *Gao v. Umi Sushi*, No. 18 Civ. 6439, 2023 WL 2118203, at *12 (S.D.N.Y. Jan. 31, 2023) ("In determining reasonable fees for a particular case, courts rely on reasonable hourly rates prevailing *in the same district*[.]") (emphasis added).  Nor does it purport to be the average rate of attorneys comparable to Orit Goldring.

*adopted by* 2019 WL 2171109 (S.D.N.Y. May 20, 2019) (assigning a partner with 16 years of experience an hourly rate of $400).

The Court finds that "an hourly rate on the higher side [of the range] is warranted" for Goldring in light of the fact that she appears to have opposed Forte's motion to vacate entirely herself, as well as her nearly 20 years of experience. *Feng*, 2024 WL 1348654, at *22 (assigning a rate on "the higher side" in part because lawyer "conducted and defended the depositions, tried the case, and handled all court appearances"). Accordingly, and "[i]n light of some minimal inflation since [several of the cases described above]," the Court concludes that $450 is an appropriate hourly rate for Goldring. *T.P. v. New York City Dep't of Educ.*, No. 22 Civ. 9413, 2024 WL 986587, at *7 (S.D.N.Y. Mar. 7, 2024). This rate is consistent with that assigned by a court in the Eastern District of New York in a recent action to confirm an arbitration award stemming from claims brought under the New York Labor Law. *See Johnson v. Parts Auth.*, No. 16 Civ. 6852, 2021 WL 4221775, at *5 (E.D.N.Y. Sept. 16, 2021) (finding $425 to be a reasonable hourly rate for a founding partner who had been practicing for fewer than 20 years).

**B.     Reasonable Hours**

The Court next considers the number of "hours reasonably expended" in this case. *Hensley*, 461 U.S. at 433. To arrive at that number, it looks to the "contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). As discussed, the Court then excludes "[h]ours that are excessive, redundant, or otherwise unnecessary," and it reduces the number of compensable hours "for vagueness, inconsistencies, and other deficiencies in the billing records." *Id.*

For all 66.9 hours that Plaintiff expended and now requests, Plaintiff has provided contemporaneously created time records specifying the date, the hours expended, and the nature

9

of the work. *See* Goldring Decl. Ex. A, ECF No. 44-1; Pl.'s Br. 4. Forte argues that spending 66.9 hours "to draft a 21-page opposition to a relatively uncomplicated motion" is unreasonable where "the majority of the content of the opposition is case law and statutory authority, and the rest is based on Plaintiff's counsel's own attendance at the underlying hearing[.]"[5] Forte's Opp'n 2.

A "motion to confirm an arbitration award is ordinarily a relatively straightforward exercise[.]" *Rubenstein v. Advanced Equities, Inc.*, No. 13 Civ. 1502, 2015 WL 585561, at *8 (S.D.N.Y. Feb 10, 2015); *Bailey Shipping, Ltd. v. Am. Bureau of Shipping*, 431 F. Supp. 3d 359, 363 (S.D.N.Y. 2019) (noting that the Federal Arbitration Act provides a "streamlined process for a party seeking to confirm, vacate, or modify an arbitration award"). Accordingly, in instances where a motion to confirm an arbitration award was uncontested, courts have found low numbers of hours to be reasonable. *See, e.g., Rong De Invs. Ltd. v. GFS Invs., Inc.*, No. 17 Civ. 5941, 2019 WL 5682894, at *2 (S.D.N.Y. Nov. 1, 2019) (finding 62.8 hours to be unreasonable and noting that in "actions to confirm an arbitration award in which the respondent has failed to answer the petition or otherwise appear, courts have found total billable hours in the single digits to be reasonable"); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. 1st Choice Constr. LLC*, No. 20 Civ. 7119, 2021 WL 4482278, at *3 (S.D.N.Y. Sep. 30, 2021) (finding 1.9 hours to be reasonable); *Trs. of the N.Y.C. Carpenters Relief & Charity Fund v. Acme Steel Shelving Corp.*, No. 12 Civ. 5572, 2013 WL 12109394, at *2 (S.D.N.Y. June 5, 2013) (finding 6.8 hours to be reasonable).

But in instances where a motion to confirm an arbitration award was contested, courts have found higher numbers of hours to be reasonable. *See, e.g., Rubenstein*, 2015 WL 585561, at *8 (finding 391 hours to be reasonable and noting that while a motion to confirm an arbitration award

---

[5] Beyond characterizing Plaintiff's requested hours as unreasonable, Forte makes no effort to propose a concrete number of hours or reduction rate. *See generally* Forte's Opp'n.

is usually straightforward, "Petitioners' motion to vacate—which asserted numerous grounds for overturning the Award—necessitated review of the voluminous arbitration record, legal research, and preparation of papers"); *Major League Baseball Props., Inc. v. Corporacion de Television y Microonda Rafa, S.A.*, No. 19 Civ. 8669, 2021 WL 56904, at *6 (S.D.N.Y. Jan. 7, 2021) (reducing 126.6 hours by 25%, in part due to "the lack of detail justifying the hours sought"); *Sire Spirits*, 2022 WL 16578960, at *3 (reducing 256.9 hours by 25%).

Here, Plaintiff did not file an uncontested motion to confirm the Award, but rather filed a cross-motion opposing Forte's motion to vacate it. Forte's motion to vacate comprised 25 pages and raised three bases to vacate the Award, namely that the Award was a manifest disregard of the law, irrational, and contrary to public policy. *See* ECF No. 26-1. Forte's motion also cited 36 cases and 14 statutes, rules, and other sources. *Id.* at ii–v. Further, the Declaration of Michael Nacht in support of Forte's motion to vacate comprised five pages and contained 23 exhibit attachments comprising thousands of pages. *See* ECF Nos. 29 (Nacht's Declaration), 29-1 to 29-23 (exhibits thereto). Five such exhibits were the transcripts of the five days of arbitration hearings, *see* ECF Nos. 29-6, 29-7, 29-8, 29-9, 29-10, which alone comprised 1,484 pages and which Goldring reviewed in preparing her cross-motion. ECF No. 32-1. In response to Forte's motion and Michael Nacht's declaration, Goldring filed a cross-motion comprising 21 pages, as well as her own Declaration comprising four pages and corresponding exhibits comprising 110 pages. *See* ECF Nos. 31 (cross-motion), 32 (Goldring's Declaration), 32-1 to 32-9 (exhibits thereto). Goldring's cross-motion not only responded to the main arguments from Forte's motion to vacate, but also presented additional arguments such as the alleged untimeliness of Forte's motion and the alleged inapplicability of New York's Civil Practice Law and Rules ("CPLR") to this matter. *See* ECF No. 31 at 5–6 (untimeliness), 16 (inapplicability of New York's CPLR). In preparing her cross-motion, Goldring performed legal research on various topics, including not

11

just timeliness and the applicability of New York's CPLR, but also "conflict between FINRA timeliness and CPLR," the "applicability of the [FAA] to FINRA matter with no agreement to abide by the FAA," and the "effect of unexplained decisions in motions to vacate." ECF No. 32–1.

Accordingly, and in line with other courts in this district, *see supra*, the Court finds Goldring's requested hours—66.9—to be reasonable.

Multiplying Goldring's reduced hourly rate by her requested hours, the fees owed to Plaintiff amount to $30,105.00, as summarized below:

**Table 2: Reduced Attorney's Fees**

| Name | Reduced Hourly Rate | Requested Time Spent | Total Reduced Fees |
|---|---|---|---|
| Orit Goldring | $450 | 66.9 hours | $30,105.00 |

### 3.  Post-Judgment Interest

Plaintiff also seeks post-judgment interest of 9% per annum on the total Award of $332,856.40 "from June 15, 2023 until Defendant Forte chooses to pay the Award." Pl.'s Br. 5. As the Second Circuit has explained, an "award of post-judgment interest is mandatory on award in civil cases as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. § 1961(a)). However, the Court concludes that the proper rate is prescribed by 28 U.S.C. § 1961(a), which provides that "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a); *see also Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Baroco Contracting Corp.*, No. 24 Civ. 1898, 2024 WL 4519836, at *3 (S.D.N.Y. Oct. 17, 2024); *FCS Advisors, Inc. v. Fair Fin. Co., Inc.*, 605

F. 3d 144, 149 (2d Cir. 2010) ("In diversity cases such as this, post-judgment interest should ordinarily be calculated in accordance with the federal rate provided for under 28 U.S.C. § 1961(a)[.]"); Compl. ¶ 1 (representing that this Court has diversity of citizenship jurisdiction). Accordingly, the court awards Plaintiff post-judgment interest on the total Award of $332,856.40 at the rate prescribed by 28 U.S.C. § 1961(a).

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for an award of fees and costs is **GRANTED IN PART** in an amount below that sought. Plaintiff is awarded a total of $30,105.00 in attorney's fees, plus post-judgment interest at the applicable statutory rate.

The Clerk of Court is directed to terminate ECF No. 43.

SO ORDERED.

Date:  December 4, 2024
       New York, New York

_____
DALE E. HO
United States District Judge