**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES DEVARY,<br><br>      Petitioner,<br><br>  v.<br><br>NATIONAL SECURITIES<br>CORPORATION and FORTE CAPITAL<br>GROUP, INC.,<br><br>      Respondents. | **STIPULATED CONFIDENTIATLITY**<br>**AGREEMENT AND ~~(PROPOSED)~~**<br>**PROTECTIVE ORDER**<br><br>Civil Action No. 21-cv-07869 (DEH) |

DALE E. HO, U.S.D.J.:

WHEREAS, all the parties to this post judgement phase of this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with post judgement discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the post judgment phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing post judgement discovery in this action, and

all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

## I.    DISCOVERY MATERIAL AND RESTRICTIONS ON USE.

A.    "**Discovery Material**" shall include all written, recorded, or graphic material in any form or media, and any information or data contained therein or derived therefrom, whether disclosed during interviews, depositions, court proceedings, settlement discussions, production of tangible evidence, testimony, or other discovery response or objection to discovery.

B.    All persons obtaining access to Discovery Material shall use the Discovery Material only in connection with this post judgement phase of this action and shall not use such Discovery Material for any other purpose except by order of the Court.

## II.    DESIGNATION OF DISCOVERY MATERIAL AS CONFIDENTIAL.

A.    The person producing any given Discovery Material or that person's counsel may designate such material as **"Confidential"**, in whole or in part, only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; that is of personal or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the client to a third party; or is or contains information which the designating party believes in good faith to be

confidential and would not ordinarily disclose to persons other than corporate affiliates, officers, directors, employers, employees, professional advisors, or agents.

B.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate portions as "Confidential" by stamping each page with the word "Confidential" or by any other method to which the parties agree in a manner that will not interfere with legibility or audibility.

C.      Deposition transcripts and exhibits may be designated Confidential in the manner set forth in Section IV herein.

D.      If at any timer prior to conclusion of the post judgement phase of this action, a producing person realizes that some portion(s) of Discovery material that it previously had produced without limitation should be designated as Confidential, such producing person may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential under the terms of this Protective Order.

### III.    PERMISSIBLE DISCLOSURE OF CONFIDENTIAL DISCOVERY MATERIAL.

No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the prodigy person as Confidential to any other person whomsoever, except to:

A.      The parties to this post judgment phase of this action, including any officers, directors, interns, contractors, or employees of a party;

B.      In-house counsel for the parties to this post judgment phase of this action;

C.      Outside counsel for the parties to this post judgment phase of this action, including partners, associates, secretaries, legal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services in this action;

D.      Clerical, paralegal, and data processing personnel not regularly employed by the parties to this post judgment phase of this action, or their counsel, involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, or review of Discovery Material to the extent reasonably necessary to assist a party to this action or its counsel, including any person or entity with whom a party contracts to reproduce documents;

E.      Outside consultants or experts retained for the purpose of assisting counsel or testifying in this action. Each such person must execute the form attached as Exhibit "A" to this Stipulation and Protective Order;

F.      Non-parties who authored, received, or otherwise have prior knowledge of the facts disclosed in the Confidential Discovery Material to the extent such knowledge was not obtained in violation of this Stipulation and Protective Order;

G.      Court officials involved in this action;

H.      Court reporting personnel involved in taking, transcribing or recording testimony in this action, including court reporters, stenographers, and videographers;

I.      Deposition and trial witnesses in this action and counsel for any such witnesses;

J.      Personnel involved in the administration of any document depository that may be established in connection with this post judgment phase of this action;

K.      Any other local, state, or federal government agency for the purpose of enforcing civil or criminal laws;

L.      Such other persons as hereafter may be authorized by written consent of the party designating the Confidential Discovery Material; and

M.      Any person that the Court may designate in the interest of justice, upon terms that the Court deems proper, including upon motion of any party made at any time with written notice to the other parties.

## IV.      CHALLENGING A CONFIDENTIALITY DESIGNATION

If the receiving party disagrees with a confidentiality designation, it may notify counsel for the "**Producing Person**" in writing of such disagreement by specifically identifying the confidential information the receiving party contends is not properly designated as "Confidential," and request that the designation be so changed. Within five (5) days after receipt of such request, the parties are to confer in good faith as to the proper status of such information. If the parties are unable to reach an agreement within these five (5) days, the request of the receiving party to change the applied designation shall become effective unless within fifteen (15) business days after receipt of such request, the Producing Person shall apply to the Court for a further protective order.  On any such application the party designating the information as "Confidential" shall bear the burden of persuasion that such designation is

appropriate.  Any information designated as "Confidential" shall remain subject to the terms of this Stipulation and Protective Order pending the decision of the Court.

## V.    DEPOSITIONS.

Persons in attendance at depositions, other than those listed in Paragraph III above, shall be limited at the request of any party during the disclosure of Confidential Discovery Material.  At the request of any party, deposition or other testimony shall be designated Confidential by the court reporter transcribing the deposition.  The testimony to be so designated shall be transcribed separately, and the face of such transcript and every copy shall be stamped or marked "Confidential" by the court reporter; provided, however, that if a deposition contains both allegedly confidential and non-confidential information, then only the confidential portion or portions thereof shall be so designated.  In addition, the parties shall, after the deposition transcript has been made available, be entitled to designate as Confidential those portions of the deposition testimony or exhibits which they deem to contain or reveal Confidential Discovery Material.  Each party in possession of a copy of the transcript in issue shall annex thereto a copy of any such notice designating those portions of a transcript Confidential and shall mark conspicuously on the face of the deposition transcript "Confidential" if not previously so marked. Prior to the expiration of such 45-day period, the entire transcript shall be treated as Confidential.

## VI.    NONWAIVER.

A.    Nothing herein shall affect any party's right reasonably to designate Discovery Material as Confidential by written notification to opposing counsel of

record after it has been produced, and such Discovery Material shall thereinafter be treated as Confidential in accordance with the provisions of this Stipulation and Protective Order, subject to any non-designating party's right to object to such designation.

B.      Nothing herein shall affect any party's right to object to any post judgement discovery request, including but not limited to the right to assert that no discovery should be made of certain documents or information, or to assert any privilege or protective doctrine, including, but not limited to, the attorney-client privilege or the work-product doctrine.

## VII.   <u>USE OF CONFIDENTIAL DISCOVERY MATERIAL IN COURT.</u>

Nothing herein precludes a party from offering Confidential Discovery Material into evidence in the trial of this post judgment phase of this action.

## VIII.  <u>SUBPOENAS OR OTHER DISCOVERY REQUESTS.</u>

If a person or entity that has obtained Confidential Discovery Material under the terms of this Stipulation and Protective Order receives a subpoena or other valid discovery request commanding the production of any such Confidential Discovery Material, such person shall, within five days, notify in writing the party which produced the Confidential Discovery Material of the service of the subpoena or request.  The person receiving the subpoena or request shall thereafter afford the producing party a reasonable opportunity to seek a protective order or other relief prior to such person producing any Confidential Discovery Material.

## IX.    PROCEDURE UPON TERMINATION OF THIS ACTION.

This Protective Order shall survive the termination of this action. Withing 30 days of the final disposition of this action, all Discovery Material designated as Confidential, and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

## X.    EXECUTION OF STIPULATION

This Stipulation may be executed in counterparts by electronic signature, which signatures shall be deemed to be effective as originals.

## XI.    VIOLATION OF PROTECTIVE ORDER

All persons subject to the Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED

Dated:   May /5, 2025

Attorney for Petitioner
JAMES DEVARY

THE GOLDRING FIRM
40 5th Avenue
New York, NY 10011
Tel: (212) 844-9308
Email: ogoldring@goldringfirm.com

Dated:   May /5, 2025

Attorneys for Respondent
FORTE CAPITAL GROUP, INC.

GUSRAE KAPLAN NUSBAUM PLLC
120 Wall Street, 25th Flr.
New Yor, New York 10005
Tel: (212) 269-1400
Email: mkaplan@gusraekaplan.com

SO ORDERED:

Dale E. Ho
United States District Judge
Dated: May 19, 2025
New York, New York

8

**EXHIBIT A**

**UNDERSTANDING AND AGREEMENT RE:**
**INFORMATION DESIGNATED "CONFIDENTIAL"**

I hereby state that I have read and received a copy of the Stipulation and Order regarding the Information Designated "Confidential" in the case of James DeVary v. National Securities Corporation and Forte Capital Group, Inc., pending in the United States District Court for Southern District of New York, Civil No.: 21-cv-07869 (DEH).

I understand the terms of that Stipulation and Order and agree to be bound by its terms. I further consent to the exercise of personal jurisdiction by the United States District Court for the Southern District of New York and/or Supreme Court of the State of New York, County of New York, over me for the purposes of enforcement of this agreement.

Dated:_____

_____
Signature

_____
Printed Name

_____

_____

_____
Address